**2016 UT App 250**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF W.E.M.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

W.E.M.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Opinion
No. 20150681-CA
Filed December 30, 2016

Third District Juvenile Court, Salt Lake Department
The Honorable Mark W. May
No. 1108641

Joseph C. Rust, Attorney for Appellant

Sean D. Reyes and William M. Hains, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN concurred.

TOOMEY, Judge:

¶1 W.E.M. appeals his adjudication for assault against a school employee, a class A misdemeanor if committed by an adult. *See* Utah Code Ann. § 76-5-102.3 (LexisNexis 2012). We vacate the juvenile court's adjudication and remand with a direction to enter an adjudication for the lesser included offense of simple assault.

BACKGROUND

¶2     W.E.M. often arrived early to his junior high school. To pass the time before class began, W.E.M. and his friends usually walked the halls or sat and talked with one another, and sometimes they engaged in horseplay. The friends had developed a "bumping game," in which one friend bumped into or pushed another friend, causing the person being bumped in turn to bump into other people passing by. W.E.M.'s friend, K.J., testified that the game involved bumping into random people, but W.E.M. said the game was only among those in their group of friends.

¶3     One morning in December 2014, W.E.M. was walking the crowded hallways with K.J. and another friend. As they walked down the hall, K.J. bumped W.E.M. several different times, pushing him into passersby. An assistant principal (Principal), who was patrolling the hallways with a teacher, walked down the hall toward W.E.M. and K.J. As Principal passed them, K.J. pushed W.E.M., and W.E.M., in one fluid motion, lowered his shoulder and struck Principal. This threw her off balance, and she felt pain in her arm, "like . . . when someone hits your arm hard." Principal saw W.E.M. run into her, though she did not see K.J. After the incident she looked behind her "to make sure [she] knew who did [it,] and saw W.E.M." When she reported the encounter she characterized it as a "shoulder check[]."

¶4     Although W.E.M. knew Principal and had interacted with her in her role as an administrator, he testified that he did not see her before he struck her and that after the impact he "turned around to see who it was." K.J. also testified that he did not see Principal before he pushed W.E.M. in her direction.

¶5     The State sought to adjudicate W.E.M. delinquent for assault against a school employee. At a bench trial, the juvenile court made the following findings:

[Principal] was an assistant principal at [the junior high school]. W.E.M. knew [Principal] was a school employee and had had dealings with her in the past in that capacity. W.E.M. engaged in what I will call the bumping game with his friends on more than one occasion. W.E.M. knew that the bumping game could result in someone getting hurt.

[One day in December], W.E.M. and his friends were . . . playing the bumping game at the [junior high school]. At least three incidents of the bumping game occurred that morning, one before the incident involving [Principal], the incident involving [Principal] and the one after the incident with [Principal]. And while playing the bumping game W.E.M. dipped his shoulder and struck [Principal]. The force of the impact knocked her off balance. She felt as if she had been hit hard and [it] caused her bodily pain.

[One of the] requirements for assault against a school employee is that [a person must assault] a public employee. So we have to look at what assault is. The definition of assault is an act committed . . . with unlawful force or violence that causes bodily injury to another or creates a substantial risk of bodily injury and bodily injury is defined as pain. So there was an assault [on] an employee. W.E.M. again had knowledge that the individual was an employee. The employee was acting in the scope of her authority as she's testified and I'll find also that she was walking up and down the halls as was one of her normal obligations as an assistant principal.

Based on these findings, the juvenile court adjudicated W.E.M. delinquent for this offense. W.E.M. appeals this determination.

ISSUE AND STANDARD OF REVIEW

¶6     W.E.M. raises several different issues on appeal, but the central basis of his argument is that there was insufficient evidence for the juvenile court to adjudicate him delinquent for assault against a school employee. Challenges to the sufficiency of the evidence are reviewed for clear error. *See State v. Finlayson*, 2014 UT App 282, ¶ 18, 362 P.3d 926. "When reviewing a bench trial for sufficiency of the evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if [we] otherwise reach[] a definite and firm conviction that a mistake has been made." *Id.* (alterations in original) (citation and internal quotation marks omitted).

ANALYSIS

¶7     W.E.M. contends there was insufficient evidence to establish an assault against a school employee, arguing he did not know at the time of the incident that the person he struck was a school employee.[1]

---

1. W.E.M. also contends there was insufficient evidence to establish he intended to assault a school employee. This argument appears to have two parts. He asserts there was insufficient evidence to show he knew he was assaulting a school employee; we address this issue in paragraphs eleven through seventeen. W.E.M. also argues there was insufficient evidence to establish the requisite culpable mental state for this offense; we address this issue in paragraph twenty-three. W.E.M. raises other issues in his brief, but because we determine that the evidence was insufficient to adjudicate W.E.M. delinquent for

(continued…)

¶8 As stated, this court will not vacate a trial court's judgment "unless it is against the clear weight of the evidence" or unless this court reaches "a definite and firm conviction that a mistake has been made." *State v. Larsen*, 2000 UT App 106, ¶ 10, 999 P.2d 1252 (citation and internal quotation marks omitted). "However, before we can uphold a conviction it must be supported by a quantum of evidence concerning each element of the crime as charged from which the [factfinder] may base its conclusion of guilt beyond a reasonable doubt." *Id.* (alteration in original) (citation and internal quotation marks omitted). Any legal conclusions underlying the juvenile court's findings are reviewed for correctness. *Id.*

¶9 To establish that W.E.M. committed an assault against a school employee, the State was required to prove beyond a reasonable doubt that W.E.M. "assault[ed] an employee of a public or private school, with knowledge that the individual [was] an employee, and when the employee [was] acting within the scope of [her] authority as an employee." *See* Utah Code Ann. § 76-5-102.3(1) (LexisNexis 2012).

¶10 W.E.M. does not challenge the court's findings that Principal was an employee of the school and that she was acting within the scope of her authority when the incident occurred. But he contends there was insufficient evidence to establish that he assaulted Principal knowing, as the assault occurred, that he was assaulting a school employee. W.E.M. also contends there was insufficient evidence to find the assault was voluntary.

(…continued)
assault against a school employee and vacate the determination of the juvenile court on this basis, we need not reach these other issues on appeal. *See infra* ¶¶ 11–17.

## I. There Is Insufficient Evidence Establishing That W.E.M. Knew He Was Assaulting a School Employee.

¶11 W.E.M. argues he did not know the identity of the individual he struck when he bumped Principal, and that the State therefore did not meet its burden of proving every element of the offense beyond a reasonable doubt.

¶12 The statute requires that the assault be "with knowledge that the individual is [a school] employee." Utah Code Ann. § 76-5-102.3(1). The State asserts this element does not require that a person specifically target an employee based on her school employment or intend to assault a school employee based on this status. Instead, the State argues the statute requires the person to be aware of the victim's status *at the time of the assault*.

¶13 The State asserts there was sufficient evidence to demonstrate that W.E.M., at the time of the assault, was aware of the identity of the victim. The State postulates that because W.E.M. was acquainted with Principal and had interacted with her in her role as an administrator, it is reasonable to infer that if W.E.M. saw Principal before he struck her, he would have been aware that he was striking a school employee. So, in order to prove that W.E.M. knew the identity of the victim at the time of the assault, the inquiry becomes whether W.E.M. saw Principal before he struck her. Next, the State argues that there is sufficient evidence from which the court could infer that W.E.M. saw Principal before the incident.

¶14 We agree the statute requires W.E.M. to be aware of the victim's status at the time of the assault. We also agree with the State that if there is sufficient evidence that W.E.M. saw Principal before the collision, then there is sufficient evidence for the juvenile court to infer W.E.M. was aware of the victim's status as a school employee at the time of the assault. However, we disagree that there is sufficient evidence from which the court could infer W.E.M. saw Principal before the collision.

¶15    The State argues there is sufficient evidence that W.E.M. saw Principal because they were walking down the same hall toward each other and a surveillance video establishes there was a period as long as twelve seconds for W.E.M. to see and recognize Principal before he struck her. Additionally, Principal testified that before the assault "W.E.M. was walking toward [her]," which indicates that she saw W.E.M. before the incident.

¶16    But this evidence establishes only a possibility that W.E.M. could have seen Principal before he struck her, not that he actually saw her. Though Principal testified she saw W.E.M. before the collision, her testimony offered no details that would support an inference that W.E.M. saw her.[2] The inference that W.E.M. saw Principal also controverts W.E.M.'s direct testimony that he did not see Principal before the collision and that he had to turn around to identify who he had struck. In addition, K.J. testified that he did not see Principal before the incident, and Principal testified that she did not see K.J., even though he was walking right beside W.E.M. at the time of the incident. The State also concedes that the "window of opportunity" that W.E.M. had to see and recognize Principal while they were walking toward each other could have been as brief as two seconds. Finally, the surveillance video shows the halls were crowded when the incident occurred, obstructing long-distance views, which supports an inference opposite to the one urged by the State.

¶17    The slight possibility that W.E.M. saw and recognized Principal coming down a crowded hallway contradicts the evidence from the surveillance video; the testimonies of W.E.M. and K.J., who both said they did not see her; and Principal's own testimony that she did not see K.J. Thus, the inference that W.E.M. knew he was striking Principal is against the clear

---

2. For example, Principal did not testify that she and W.E.M. made eye contact.

weight of the direct evidence. *See State v. Larsen*, 2000 UT App 106, ¶ 10, 999 P.2d 1252 (citation and internal quotation marks omitted).

¶18    Moreover, there is no indication that the court, when it made its findings, drew the inference the State urged. The record seems to indicate that the juvenile court had a different understanding of the statute's requirement that the assault be "with knowledge that the individual is an employee." Utah Code Ann. § 76-5-102.3 (LexisNexis 2012).

¶19    As indicated above and as the State concedes on appeal, the plain language of the statute requires that the assault be with knowledge that the individual is a school employee. *See supra* ¶ 12; *see also Salt Lake County v. Holliday Water Co.*, 2010 UT 45, ¶ 27, 234 P.3d 1105 ("When interpreting statutes, we look first to the plain language of the statute, and give effect to that language unless it is ambiguous." (citation and internal quotation marks omitted)). This requires not only that W.E.M. be acquainted with Principal and her employment with the school, but requires W.E.M. to have known at the time of the incident the identity of the person he struck. Because W.E.M. did not see who he was bumping before the collision, he could not have known he was striking Principal, and so he had no way of knowing he was striking a school employee.

¶20    It appears the juvenile court, on the other hand, believed that the requirement of "with knowledge the individual is an employee" could be met with just the evidence that W.E.M. was generally acquainted with Principal and had previous interactions with her in her role as an administrator.

¶21    The State acknowledged that "the assault [had to be] with knowledge that [Principal] was an employee." But it argued that the court could find this element beyond a reasonable doubt because, as the court noted, Principal testified W.E.M. "knew that she was an employee of the school because she had several interactions with him in her role as the [assistant principal] and

his role as a student." The State did not argue that W.E.M. recognized he was making physical contact with a particular person.[3]

¶22 Defense counsel responded that because W.E.M. did not intend to run into anyone and did not target Principal, the elements of the statute were not met. The State rebutted this, arguing that because section 76-5-102.3 does not define a culpable mental state, the elements of the statute were satisfied so long as the act was intentional, knowing, or reckless. *See* Utah Code Ann. § 76-2-102 (LexisNexis 2012).[4] Because of this, neither the State nor defense counsel highlighted the requirement of the statute that, at the time of the assault, W.E.M. had to be aware of the status of the victim as a school employee.

¶23 This is demonstrated in the court's summary of the parties' arguments:

> [T]he key argument seems to be [W.E.M.'s] knowledge of whether [Principal is] a school employee[,] and [the defense] keeps arguing that he didn't target her, didn't know she was, didn't intentionally go after a school employee, and [the State's] argument is that doesn't matter, she's a

---

3. The State argued that W.E.M. "was fully aware of what was going on," but this statement was in the context of W.E.M. being aware that he was participating in the bumping game and that his behavior was wrong.

4. "Every offense not involving strict liability shall require a culpable mental state, and when the definition of the offense does not specify a culpable mental state and the offense does not involve strict liability, intent, knowledge, or recklessness shall suffice to establish criminal responsibility." Utah Code Ann. § 76-2-102 (LexisNexis 2012).

school employee, [W.E.M.] knows she's a school employee and the fact that he ran into her doesn't have to specifically be targeting her as a school employee.

The court's findings also indicate that the court believed the statute required W.E.M. to have only some prior acquaintance with Principal and her employment. It stated, "W.E.M. knew [Principal] was a school employee and had had dealings with her in the past in that capacity." It did not find that the assault was *with knowledge* that the individual was a school employee; rather it found that there was an assault, and it found that W.E.M. knew that the individual was an employee. *See supra* ¶ 5 ("So there was an assault [on] an employee. W.E.M. again had knowledge that the individual was an employee.").

¶24   Thus, our review of the trial transcript suggests that the court misunderstood this particular element of the statute, finding the knowledge requirement proven beyond a reasonable doubt simply because W.E.M. knew that Principal was a school employee, instead of finding that W.E.M. commited the assault with this knowledge.

¶25   Because there is no evidence aside from the possibility that W.E.M. might have seen Principal before he struck her, and because it is doubtful the court actually inferred that before the incident W.E.M. knew the individual he was about to strike was a school employee, this inference is against the clear weight of the other evidence presented. *See State v. Cristobal*, 2010 UT App 228, ¶ 16, 238 P.3d 1096 ("When the evidence supports more than one possible conclusion, none more likely than the other, the choice of one possibility over another can be no more than speculation; while a reasonable inference arises when the facts can reasonably be interpreted to support a conclusion that one possibility is more probable than another."). Thus, we vacate the juvenile court's ruling that W.E.M. committed an assault against a school employee on this basis.

## II. There Is Sufficient Evidence That W.E.M.'s Actions Were Voluntary.

¶26   W.E.M. next contends that there is insufficient evidence to find he voluntarily assaulted Principal. W.E.M. maintains that the collision was an accident and that he "did not voluntarily get pushed into a school employee."

¶27   The juvenile court determined that W.E.M. assaulted Principal when he lowered his shoulder and struck her. An assault is "an act, committed with unlawful force or violence, that causes bodily injury to another." Utah Code Ann. § 76-5-102(1)(b) (LexisNexis 2012). An "act" is "a voluntary bodily movement." *Id.* § 76-1-601(1).

¶28   Even though W.E.M. and the State agree that W.E.M. was pushed when he struck Principal, the State asserts that W.E.M. "had been involved in 'multiple' prior incidents of shoulder checking in the halls" and argues that "W.E.M.'s prior participation in actively shoulder checking others makes it less likely that this occasion of shoulder checking was accidental." We agree.

¶29   "An innocent person may be falsely accused or suffer an unfortunate accident, but when several independent accusations arise or multiple similar 'accidents' occur, the objective probability that the accused innocently suffered such unfortunate coincidences decreases." *State v. Verde*, 2012 UT 60, ¶ 49, 296 P.3d 673. The juvenile court found that W.E.M. had engaged in "the bumping game with his friends on more than one occasion. W.E.M. knew that the bumping game could result in someone getting hurt." W.E.M. testified that he had participated in the bumping game in the past and that he knew a person could be hurt by this behavior. The court also found that W.E.M. had been pushed into someone else just before he was bumped into Principal. This finding is supported by K.J., who watched the surveillance video and testified there were three

different pushing incidents on film that morning, one of which occurred before the incident with Principal.

¶30 This evidence is sufficient to establish that W.E.M. acted voluntarily. W.E.M. knew this behavior presented a risk, and his participation in the game was no accident, as he had allowed himself to be pushed into others on multiple occasions.

¶31 The other elements of assault were also established with sufficient evidence. W.E.M. testified he participated in the bumping game on other occasions and that he knew that people could be hurt, which satisfies the culpable mental state of recklessness. W.E.M. admitted he struck Principal, who experienced pain. Thus, there is sufficient evidence supporting the court's conclusion that W.E.M. committed an act, with "unlawful force or violence, that cause[d] bodily injury to another." *See* Utah Code Ann. § 76-5-102; *see also id.* § 76-1-601(3) (defining bodily injury as physical pain). Accordingly, we remand with a direction for the juvenile court to enter an adjudication for the lesser included offense of simple assault.

CONCLUSION

¶32 In sum, the evidence presented to the juvenile court was insufficient to establish every element of assault against a school employee. Specifically, the evidence was insufficient to show that W.E.M. assaulted Principal with knowledge that the person he was assaulting was a school employee. There was, however, sufficient evidence to establish that W.E.M. acted voluntarily when he assaulted Principal. We therefore vacate the juvenile court's ruling and remand for the court to enter an adjudication for simple assault.

_____